IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BLACK FOUNTAIN MUSIC, et al.,

    Plaintiffs,

        v.

INFLUENCE RESTAURANT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00951-TWT

## OPINION AND ORDER

This is a copyright infringement action. It is before the Court on Defendant Alexis Anin's Motion to Dismiss [Doc. 10]. For the reasons set forth below, Defendant Anin's Motion to Dismiss [Doc. 10] is DENIED.

### I.    Background

The Plaintiffs in this case include the following entities: Black Fountain Music; W Chappell Music Corp. d/b/a WC Music Corp.; Obverse Creation Music, Inc.; Divine Mill Music; Uh Oh Entertainment; Wut' Shawana Do Music, Inc.; and Naughty Music. They collectively own the copyrights for music that they allege was "publicly performed" onsite at Defendant Influence Restaurant and Lounge in Norcross, Georgia, without the requisite license. (Compl. ¶ 7 [Doc. 1]). Defendants Alexis Anin and Louis Chukwurah are the owners of Influence. (*See id.* ¶ 10; Def. Anin's Mot. to Dismiss, at 1 [Doc. 10]). According to the Complaint, the Plaintiffs—through representatives of the American Society of Composers, Authors, and Publishers—have attempted to

contact the Defendants "by phone, by mail, by e-mail, and in person" over seventy times regarding obtaining a license, but they have done so without success. (Compl. ¶¶ 16–17). The Plaintiffs presently seek a permanent injunction regarding the continued performance of their compositions, statutory damages pursuant to 17 U.S.C. § 504(c)(1), attorney's fees, and any other equitable relief. (*Id.* at 7).

According to the docket, the Defendants appear to have filed a "motion to dismiss" in April 2024, which is styled as a "Response of the Summons" [Doc. 10]. The document appears to make several claims, including that licenses were acquired for certain public performances and that the Defendants did not receive any communication from the Plaintiffs regarding the need to obtain a license. (Def. Anin's Mot. to Dismiss, at 1–2). Because no counsel has appeared on behalf of Influence and because Chukwurah's signature does not appear on the filing, the Plaintiffs dispute whether the filing can be properly taken as a motion on behalf of all three Defendants or merely as a motion filed pro se by Defendant Anin on behalf of only herself. (Pls' Resp. Br. in Opp'n to Def. Anin's Mot. to Dismiss, at 3–5 [Doc. 11]).

## II.    Legal Standard

Courts must liberally construe pro se filings, but a pro se litigant is still "required to conform to procedural rules." *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) (quoting *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th

Cir. 2022)). According to the Federal Rules of Civil Procedure, a defendant must serve on the plaintiff either an answer or a motion under Rule 12 within thirty days of service of the summons and complaint. Fed. R. Civ. P. 12. Under Rule 12(b), "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b). A defendant who fails to appear, plead, or otherwise defend in a suit may be subject to an entry of default under Rule 55(a) and ultimately default judgment under Rule 55(b). Fed. R. Civ. P. 55(a)–(b).

### III.    Discussion

As an initial matter, the Court construes the present motion as a motion to dismiss on behalf of only Defendant Anin. While the docket entry for the filing appears to indicate that the motion was filed by Defendants Anin, Chukwurah, and Influence, there are two reasons why the Court will consider the motion on behalf of only Defendant Anin. First, pro se litigants cannot file on behalf of limited liability companies. *In re HRN Grp., LLC*, 2020 WL 4192489, at *1 (N.D. Ga. July 21, 2020); *see also Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (explaining that the rule "applies equally to all artificial entities"). It does not matter

whether the pro se litigant is the owner of the LLC. Defendant Influence is an LLC and must be represented through an attorney authorized to practice in this Court. To date, counsel has not appeared on behalf of Influence in this matter. Second, the Court declines to conclude that Defendant Chukwurah acted pro se in joining the motion. Although the motion sometimes references "Defendants" in the plural (potentially implying that Chukwurah may have acted pro se in jointly filing the motion), the signature block at the bottom of the motion includes only Anin and Influence, and Chukwurah is not named anywhere in the motion. Given the above, the Court will construe Anin's filing as a motion to dismiss on behalf of only Anin and not Influence or Chukwurah. Neither Influence nor Chukwurah has appeared in the present case as a result. Because Influence may not represent itself, the Court will direct Influence to obtain counsel to file an appearance within thirty days of the date of this Order. To be clear, if Influence "fail[s] to plead or otherwise defend" *through counsel* the Clerk may enter a default against it. Fed. R. Civ. P. 55(a). And if Chukwurah "fail[s] to plead or otherwise defend" on behalf of himself or through counsel, the Clerk may also enter a default against him. Fed. R. Civ. P. 55(a). Going forward, Influence and Chukwurah are free to move for leave to file a responsive pleading or motion out of time, though Influence may only do so through counsel.

4

The Court now turns to the merits of the motion as to Defendant Anin. Anin plainly does not seek dismissal through one of the available bases under Rule 12(b). And, even liberally construing the motion as having been brought under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court finds that dismissal is not warranted. As best the Court can decipher, it appears that Anin's motion chiefly seeks dismissal by contesting certain facts alleged in the Complaint. (*See generally* Def. Anin's Mot. to Dismiss). But, under Rule 12(b)(6), the Court must construe all facts in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2007); *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (citation omitted). Construing the facts in the Complaint as true, the Court cannot say at this early stage that the Plaintiffs have failed to state a claim. Therefore, the Court will deny Defendant Anin's Motion to Dismiss.

## IV.    Conclusion

For the foregoing reasons, Defendant Alexis Anin's Motion to Dismiss [Doc. 10] is DENIED. Defendant Influence Restaurant and Lounge LLC is DIRECTED to obtain counsel and notify the Court via the filing of an appearance within thirty days of the date of this Order. Influence Restaurant and Lounge LLC is cautioned that failure to comply with this directive may subject it to default.

SO ORDERED, this _____3rd_____ day of February, 2025.

THOMAS W. THRASH, JR.
United States District Judge

6